IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **MONTERRIOUS HARRIS**,<br><br>  **Plaintiff,**<br><br>v.<br><br>**CITY OF MEMPHIS, EMMITT MARTIN III, DESMOND MILLS, JR., JUSTIN SMITH, DEMETRIUS HALEY, TADARRIUS BEAN, and JOHN DOES 1-4, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES AS CITY OF MEMPHIS LAW ENFORCEMENT OFFICERS,**<br><br>  **Defendants.** | Case No.: 2:23-cv-2058-JTF-tmp |

**REPLY IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT CITY OF MEMPHIS**

Defendant City of Memphis ("the City" or "Defendant"), hereby submits this Reply in Support of its Motion to Dismiss Plaintiff Monterrious Harris's ("Plaintiff" or "Harris") Complaint for Damages and for Deprivation of Constitutional Rights ("Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

Plaintiff's Response to Defendant City of Memphis' Motion to Dismiss ("the Response") (ECF No. 26) reflects an attempt to hold the City liable on a *respondeat superior* basis for the actions of the five named officer defendants ("Officer Defendants"), which is an impermissible ground on which to hold a municipality liable under § 1983.

Moreover, Plaintiff's municipal liability claims against the City rise and fall on ***if and when***

the City had notice of the alleged misconduct of the Officer Defendants and the Scorpion Unit. Plaintiff fails to allege any facts to suggest that the City was on notice ***prior to*** Plaintiff's alleged incident, on which is the basis of his claims under § 1983 against the City. Consequently, that cause of action should be dismissed.

For these reasons and the further reasons discussed below, Plaintiff's Complaint should be dismissed as a matter of law.

**I.     The Court should dismiss the claims Plaintiff abandoned by failing to address them in his Response.**

In his Response, Plaintiff failed to address the City's arguments that certain claims should be dismissed. In doing so, Plaintiff abandoned those claims. *See, e.g.*, *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007) ("[Plaintiff] abandoned those claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint"); *Kines v. Ford Motor Co.*, No. 119CV01054JDBJAY, 2020 WL 5550396, at *5, n. 6 (W.D. Tenn. Sept. 16, 2020) (concluding that plaintiffs abandoned a claim by not addressing it in their response to defendants' dispositive motion).

The claims abandoned by Plaintiff include Plaintiff's Official Capacity claims against the Officer Defendants[1] and Plaintiff's Fourteenth Amendment claim.[2]

---

[1] In the Motion to Dismiss, the City argued that the Court should dismiss Plaintiff's claims against the Officer Defendants in their "official capacities as City of Memphis law enforcement officers" because such claims are nothing more than the claims made against the City itself. The City is also named as a defendant, therefore, the "official capacity" claims against the Officer Defendants are redundant and should be dismissed. *See Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.*, 947 F. Supp. 2d 752, 761 (E.D. Mich. 2013). (*See* Motion to Dismiss, ECF No. 20-1, PageID 88-90.)

[2] In the Motion to Dismiss, the City argued that Plaintiff failed to allege any facts to support a claim under the Fourteenth Amendment, and that the Fourteenth Amendment does not provide the proper vehicle for evaluating a claim of excessive force. (*See* Motion to Dismiss, ECF No. 20-1, PageID 90-91.)

Because Plaintiff failed to address these claims in his Response, Plaintiff has abandoned those claims and they should be dismissed.

## II. Plaintiff failed to rehabilitate his § 1983 claims.

### A. Plaintiff failed to specifically state a claim that the City had an unlawful policy that gave rise to municipal liability.

Plaintiff failed to allege a ***specific*** official policy, written or otherwise that gives rise to any municipal liability. Plaintiff asserted that he did in fact plausibly allege an illegal official policy. (Pl. Resp., ECF No. 26, PageID 147.) The examples from the Complaint to which Plaintiff cites in the Response do not point to or identify an "official policy," and just simply stating that the Scorpion Unit "was acting pursuant to policy and practice," is not enough. (*See id.* at PageID 149) (citing Compl, ¶ 131); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("claims set forth in a complaint must be plausible, rather than conceivable").

Plaintiff attempts to discredit the City's use of *Garner v. City of Memphis*, 576 F. App'x 460 (6th Cir. 2014), and instead relies on inapposite, unreported cases dealing with *pro se* plaintiffs who asserted claims of deliberate indifference to their medical needs as prisoners. (*See* Pl. Resp., ECF No. 26, PageID 149) (citing *Heggie v. S. Health Partners*, No. 3:21-cv-00056, 2021 U.S. Dist. LEXIS 105351 (M.D. Tenn. June 4, 2021); *Fisher v. Longtin*, No. 3:19-cv-00769, 2019 U.S. Dist. LEXIS 190997 (M.D. Tenn. Nov. 4, 2019)). Despite Plaintiff's contention, this case is analogous to *Garner*. In *Garner*, the Sixth Circuit upheld the dismissal of the plaintiff's official policy claim because he "fail[ed] to identify any unlawful policy or custom on the part of the City which authorized the police officers' actions." *Garner*, 576 Fed. Appx. at 462. Here, too, Plaintiff failed to identify an official policy authorizing the alleged unconstitutional conduct referenced in the Complaint.

It bears repeating that *it defies logic*—in other words, *it is implausible*—to presume that

3

any police department would implement an *official* policy of authorizing its officers to unlawfully, arrest, detain, assault, use excessive force, and/or falsify arrests as part of their *official* duties as law enforcement officers. Plaintiff's conclusory allegations fail to point out an official policy, written or otherwise, and are not enough to "nudge his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 561. Thus, Plaintiff failed to plausibly identify any unlawful policy of the City that gave rise to his alleged injuries, and his policy-based *Monell* claim must be dismissed as a result. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) ("speculative allegations fall short of stating a claim against the City").

### B. The Complaint fails to state a claim for an unlawful custom that gives rise to municipal liability under *Monell*.

Plaintiff failed to allege a custom reflecting a "fixed plan of action" that manifested as a practice with "the force of law." As Plaintiff properly recognizes, "a custom is shown with *proof* of the knowledge of policymaking officials and their acquiescence in the established practice." (*See* Pl. Resp., ECF No. 26, PageID 150) (citing *Memphis, Tenn. Area Local v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004)) (emphasis added). Simply stating that the City knew and acquiesced in the Scorpion Unit's alleged conduct is conclusory and insufficient to state a claim under *Monell*. *See, e.g.*, *Bickerstaff*, 830 F.3d at 402 ("Beyond the blanket assertions that the City 'condon[ed]' or 'tolerat[ed]' police officer misconduct, [plaintiff] points to no facts that would indicate the existence of such an official policy or custom.").

A case cited by Plaintiff is instructive. In *Atkins v. Corecivic, Inc.*, No. 3:21-CV-00103, 2021 WL 4773080 (M.D. Tenn. Oct. 12, 2021), the district court dismissed the plaintiff's unlawful custom claim because the plaintiff failed to allege facts suggesting that understaffing at a prison caused or contributed to the rape and death of an inmate or that the defendant was on notice that chronic understaffing at the prison had contributed to a substantial increase in violent events at

that facility. *Id.* at *7. The district court further stated that even if it assumed as a factual matter that the defendant had adopted a policy of understaffing its facilities, the plaintiff did not allege facts that, if true, would establish that the injuries in the case were caused by that or any other purported policy. *Id.* Here, just as in *Atkins*, Plaintiff failed to allege sufficient facts to establish that the City adopted a custom of turning a blind eye to the Officer Defendants' improper conduct.

Further, Plaintiff fails to state factual allegations to show **when the City knew or should have known** of the Scorpion Unit's alleged conduct such that the City acquiesced to the point that it became so widespread as to have the force of law. Plaintiff baldly alleges that "the pattern of the Scorpion Unit's violent assaults on young black men preceding January 4, 2023 included, but was not limited to, the Scorpion Unit's unconstitutional encounters with Damecio Wilbourn and Romelo Hendrix in February 2022, with Dativus Collier and in May 2022, with Sebastian Johnson and Kendrick Johnson Ray in August 2022, and with Maurice Chalmers-Stokes in October 2022. (Compl., ¶ 136.) Plaintiff fails, however, to describe those alleged "unconstitutional encounters" in any detail, and he fails to describe how or when the City was on notice of those alleged "unconstitutional encounters." Consequently, Plaintiff failed to allege any facts supporting his assertion that the Memphis Police Department even knew about the alleged "custom" of the Scorpion Unit ***prior to*** Plaintiff's alleged incident, such that its indifference thereto caused Plaintiff's alleged injuries.

**C.    Plaintiff's failure-to-train claim lacks sufficient factual allegations to survive a motion to dismiss.**

Plaintiff's failure-to-train claim fails because Plaintiff fails to allege sufficient facts to meet the deliberate indifference requirement for such a claim. "Deliberate indifference requires a showing of 'prior instances of unconstitutional conduct demonstrating that the municipality has ignored a history of abuse and <u>was clearly on notice that the training in this particular area was</u>

5

deficient and likely to cause injury.'" *Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 684 (W.D. Tenn. 2015) (quoting *Bonner–Turner v. City of Ecorse*, 627 Fed. Appx. 400, 414 (6th Cir. 2015)) (emphasis added). Further, there must also be a causal nexus between the alleged deficient training program and the unconstitutional encounter. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989) ("[F]or liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury."); *Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 451 (6th Cir. 2020) ("Municipal liability further requires an "affirmative link between the policy and the particular constitutional violation alleged.").

"A showing of simple, or even gross, negligence will not suffice to meet the deliberate indifference standard, which requires proof that the City disregarded a known or obvious consequence of its actions or inaction." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997).

This case is similar to recent case in the Western District of Tennessee. In *Henderson v. City of Memphis*, No. 2:19-CV-2776-SHM-TMP, 2021 WL 1109362 (W.D. Tenn. Mar. 23, 2021), the Court dismissed a failure-to-train claim because the factual allegations in the Amended Complaint failed to support Plaintiff's allegation that the City had inadequate policies and inadequate training. Importantly, the Court noted that the "allegations state that [the officer] may have acted outside the confines of his training, but the allegations fail to state that the training he allegedly received was inadequate. *Id.* at *3 (emphasis added).

Here, the only plausible reading of Plaintiff's allegations regarding the Officer Defendants is that ***they acted outside the confines of their training***. It is entirely implausible to assert that the City failed to train its police officers on the most basic principles of civil rights, which is that they are not permitted to violently assault members of racial minority groups for any reason or no reason

6

at all.

Moreover, Plaintiff failed to sufficiently allege facts that the City was on notice that its alleged training program was deficient and likely to cause the type of constitutional violations alleged in the Complaint. Plaintiff further fails to link the City's alleged inadequate training to the specific conduct asserted including assault, falsifying affidavits of complaints, and creating false charges. (*See* Pl. Resp., ECF No. 26, PageID 153) (citing Compl., ¶ 163).

The "supporting facts"—if they can be called that—for the failure-to-train claim are either vague, conclusory, or are not "closely related" to the alleged unconstitutional conduct in the Complaint . For example, in the Response Plaintiff refers to the Complaint as follows:

> The City was responsible for training the Scorpion Unit, including the individual defendants, (Compl., ¶ 174);
>
> The Scorpion Unit was comprised of law enforcement officers who did not meet the qualification requirements for joining a specialized unit with Memphis' Police Department, as they possessed violent criminal records, had less than five (5) years of experience, and did not possess the equivalency of an associate's degree, (Compl., ¶ 142);
>
> The City failed to provide the individual defendants, who were otherwise unqualified, with adequate training commensurate with the specialized tasks assigned to them, (Compl., ¶ 145);
>
> The Scorpion Unit, including the individual defendants, did not receive any training to effectuate any lawful initiative, (Compl., ¶ 53).

The above conclusory allegations and language do not support a failure-to-train claim, but rather an attempt to hold the City liable on a *respondeat superior* theory based on the qualifications of the officers, which is improper under *Monell*. *See, e.g.*, *Brown*, 520 U.S. at 415 ("Cases involving constitutional injuries allegedly traceable to an ill-considered hiring decision pose the greatest risk that a municipality will be held liable for an injury that it did not cause. In the broadest sense, every injury is traceable to a hiring decision. Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior*

liability.); *see also Feliciano*, 988 F.2d 649, 654-55 (6th Cir. 1993) ("municipalities do not 'cause' constitutional violations solely by having employed a constitutional tortfeasor). Further, the above quoted language and the Complaint taken as a whole fail to contain facts indicating the alleged federal rights violations in the Complaint—assault, falsifying affidavits of complaints and creating false charges—were a "highly predictable consequence" of the alleged failure to train.

In short, Plaintiff's failure-to-train claim fails on its face.

### D. Plaintiff's failure to supervise, investigate, and discipline claims should be dismissed.

Plaintiff alleges that the City failed to supervise and investigate the Scorpion Unit's pattern of unconstitutional Conduct, but the allegations to support this contention are—like the others—insufficient. Importantly, the Sixth Circuit has recognized that a failure-to-supervise claim that is distinct from a failure-to-train claim is uncommon. *Mize v. Tedford,* 375 Fed. Appx. 497, 500 (6th Cir. 2010) ("This 'failure to supervise' theory of municipal liability is a rare one.")

Plaintiff baldly asserts that "upon information and belief" complaints were filed against the Officer Defendants (Compl., ¶ 138) yet he provides no facts supporting the contention that any complaints were filed against the Scorpion Unit *prior to* Plaintiff's alleged encounter.

As Plaintiff notes, the alleged inadequacy to supervise/investigate must amount to deliberate indifference. (Pl. Resp., ECF No. 26, PageID 154.) But Plaintiff's Complaint contains only conclusory statements in support of his failure-to-supervise/investigate claim.

> The City knew about the Scorpion Unit's unlawful tactics and endorsed and authorized them and, as a consequence, never investigated any complaint which was submitted accusing the individual defendants of the aforementioned heinous actions. (*See* Compl., ¶ 139). In addition, the City also failed to adequately supervise the Scorpion Unit because it was deliberately indifferent to the terror the Scorpion Unit was inflicting on African American neighborhoods in the Memphis community. (Compl., ¶¶ 139. 159, 164)

(Pl. Resp., ECF No. 26, PageID 154-55.)

4866-7166-0381

These legal conclusions are insufficient to sustain Plaintiff's failure-to-supervise/investigate claim.

### III. Conclusion

In sum, Plaintiff's Complaint fails to state a claim for municipal liability upon which relief can be granted, and the Court should dismiss it in its entirety.

Respectfully Submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.**

s/ *Bruce McMullen*
Bruce A. McMullen (#18126)
Jennie V. Silk (#35319)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone (901) 526-2000
E-mail: bmcmullen@bakerdonelson.com
E-mail:  jsilk@bakerdonelson.com

*Attorneys for Defendant City of Memphis*

### CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon each party registered on the CM/ECF system in this action.

s/ *Bruce McMullen*
Bruce McMullen

4866-7166-0381