IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

MONTERRIOUS HARRIS,

    Plaintiff,

vs.                                              Case no: 2:23-CV-2058-JTF-tmp

CITY OF MEMPHIS,
EMMITT MARTIN III, DESMOND MILLS, JR.
JUSTIN SMITH, DEMETRIUS HALEY,
TADARRIUS BEAN, and JOHN DOES 1-4,
INDIVIDUALLY, AND
IN THEIR OFFICIAL CAPACITIES
AS CITY OF MEMPHIS LAW
ENFORCEMENT OFFICERS,

    Defendants.
_____

MOTION OF DEFENDANT JUSTIN SMITH, INDIVIDUALLY,
TO STAY CIVIL CASE PENDING RESOLUTION OF CRIMINAL PROCEEDINGS
AND MEMORANDUM IN SUPPORT
_____

COMES NOW, Defendant Justin Smith, individually, through Counsel, and files this Motion to Stay all proceedings in this matter, including, but not limited to, pleadings, motions, written discovery, oral depositions, efforts to mediate and/or arbitrate, or any other efforts to resolve this matter through alternative means for as long as there are active, parallel criminal investigations and/or proceedings against him. In support of this motion, Defendant Smith submits his Memorandum, noting the following:

                    I.      INTRODUCTION

On January 26, 2023, Defendant Justin Smith, along with certain other Defendants named in this case, were indicted in the Criminal Court of Shelby County, Tennessee, for the 30th Judicial District, alleging that they were criminally responsible for the death of Tyre Nichols between

January 6, 2023, and January 11, 2023. A copy of the indictment has been attached hereto as an exhibit. (Ex. "A"). A civil lawsuit regarding the wrongful death of Nichols was also filed in this Court. (*Wells, et al. v. City of Memphis, et al.,* U.S.D.C. Case No. 2:23-cv-2224-MSN-atc (Filed Feb. 7, 2023)).[1]

Additional federal criminal indictments are also anticipated. The Tennessee Bureau of Investigation is investigating the death of Tyre Nichols. The United States Attorney, Kevin G. Ritz, has stated that Nichols' death is an "open investigation" in coordination with the FBI Memphis Field Office and the Civil Rights Division of the United States Department of Justice. (January 18, 2023, Press Release: Statement from United States Attorney Kevin G. Ritz, U.S. Attorney's Office, Western District of Tennessee, https://justice.gov/usao-wdtn/pr/statement-united-states-attorney-kevin-g-ritz). Upon information and belief, there is also a broader, federal investigation into the practices of the Memphis Police Department's ("MPD") Scorpion Unit. At this time, in light of the state criminal charges against him and because Defendant Smith may also be the focus of additional federal criminal investigations and/or any resulting federal criminal charges, Defendant Smith is requesting a stay of this civil case pending resolution of the criminal proceedings and investigations against him. Absent a stay, given his potential criminal exposure, Defendant Smith will have no alternative but to invoke his Fifth Amendment privilege against self-incrimination in any parallel civil proceedings, including this matter.[2]

---

[1] Similar Motions to Stay Civil Proceedings have been filed in that case as well.
[2] Pleadings, discovery, and testimony have been considered to be waivers of the Fifth Amendment right against self-incrimination.

II.     ARGUMENT

The privilege against self-incrimination is a "cherished fundamental right." *North River Insurance Co., Inc. v. Stefanou,* 831 F.2d 484, 486 (4th Cir. 1987). The interest of justice requires a stay of this civil matter. *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970). It is well established that this Court has discretionary power to stay civil proceedings pending the outcomes of criminal proceedings. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977) see also, *Clinton v. Jones,* 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."); *Wehling v. Columbia Broadcasting System*, 608 F.2d. 1084, 1088-1089 (5th Cir. 1979)(Finding that the district court abused its discretion in refusing to stay discovery). Factors to consider when deciding whether or not to grant a stay include:

1. The plaintiff's interest in moving forward with the civil litigation, and the potential prejudice to plaintiff caused by delay;
2. The burden on the defendant caused by the proceedings;
3. Judicial efficiency;
4. The interests of nonparties; and,
5. The public interest in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision,* 457 F.3d 322, 324-25 (9th Cir. 1995). An additional factor is "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324.

In this case the listed factors weigh heavily in favor of delaying the civil proceedings until the criminal matters are resolved. Here, although at this time there have been no resulting criminal

3

charges filed against the named Defendants in this case[3], there is a clear overlap between this civil matter and the criminal proceedings resulting from the death of Tyre Nichols.

In his Complaint, Plaintiff makes extensive references to the death of Tyre Nichols. In fact, both cases share many of the same named defendants.[4] Defendants Martin, Mills, Smith, Haley, and Bean, who were allegedly responsible for the killing of Nichols, are included in Plaintiff's Complaint as the five (5) Scorpion Unit officers who surrounded Mr. Harris' vehicle. (DE 1, Comp. ¶ 126, Page ID 24). According to the Complaint it is the very death of Nichols that exposed the "brutal Memphis Police Department encounter" with the Plaintiff in this case. (DE 1, Comp. Page ID 4). As a result of Plaintiff's clear reliance on and multiple references to the case of Tyre Nichols, Defendant Smith would be prohibited from participating in this matter without compromising his Fifth Amendment rights against self-incrimination given both the pending and potential criminal charges against him resulting from Nichols' death.

In both cases, a majority of allegations focus on the MPD Scorpion Unit. "This lawsuit is Mr. Harris' account of the unconstitutional abuse and suffering at the hands of the very same police unit [Memphis Police Department's "Scorpion Unit"] that extinguished the life of Mr. Nichols." (Id., Page ID 4-5). Plaintiff details his own "life-altering run in with the Scorpion Unit." (Id., Page ID 19-24). According to the Complaint, Defendants Martin, Mills. Smith, Haley, and Bean, "all of whom were responsible for and participated in the killing of Mr. Nichols, were also the five (5) Scorpion Unit officers who surrounded Mr. Harris' vehicle wearing ski-masks and committed their heinous assault on him just three (3) days before attacking Mr. Nichols." (Id., Page ID 24).

---

[3] Given the Department of Justice's ongoing investigation in regards to the MPD Scorpion Unit, additional charges emanating from this particular case are still possible.

[4] Emmitt Martin, III, Desmond Mills, Jr., Demetrius Haley, Tadarrius Bean, and Justin Smith have been named as Defendants in both this case and the civil case involving the death of Nichols. All five former officers have also been indicted in state court as a result of Nichols' death.

"Fortunately, unlike Mr. Nichols, Mr. Harris survived his encounter with the Scorpion Unit and is alive and able to recount the events." (Id., Page ID 5). "The same five (5) members of the Scorpion Unit who assaulted and beat Mr. Harris have now all been indicted by Shelby County, Tennessee's District Attorney and charged with Second Degree murder and other crimes stemming from the death of Mr. Nichols." (Id. at Page ID 6). Plaintiff also identifies six (6) additional individuals that were allegedly subjected to unconstitutional encounters with the same MPD Scorpion Unit. (Id. at ¶ 136, Page ID 25-26). As much of the Complaint in this case focuses on the alleged unconstitutional behavior of the MPD Scorpion Unit, the same five (5) specifically named Defendant officers, and the death of Mr. Nichols (DE 1, Comp., Page ID 14-19), Defendant Smith would be unable to participate in this civil matter without compromising his Fifth Amendment rights against self-incrimination until the criminal proceedings and investigations against him were concluded.

In light of the allegations of the Complaint, it is clear that much of the discovery in these two civil cases will overlap. Given the fact that civil discovery is much broader, there is also a real danger that the broader civil discovery materials will be used to infringe upon the constitutional rights against self-incrimination of any current and potential criminal defendants.[5] Any statement a defendant makes in the course of the civil case, in either an individual or representative capacity, may be used against them in the criminal case as a party admission. Fed. R. Evid. 801. There can be no question that both the Nichols case and this current matter have been highly publicized, and as such, the public has a clear interest in the prompt disposition of any related litigation. However, courts have also held that there is a strong public interest in ensuring

---

[5] The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution. *Slagowski v. Central Wash. Asphalt,* 291 F.R.D. 563 (D.Nev. July 2, 2013) (quoting *Hoffman v. United States,* 341 U.S. 479, 4860487 (1951)).

that criminal matters proceed untainted by civil litigation. *Jones v. City of Indianapolis,* 216 F.R.D. 440, 452 (S.D. Ind. 2003).

As previously discussed, there is an ongoing investigation by the Department of Justice into the death of Mr. Nichols and the practices of the MPD Scorpion Unit. Additional criminal charges have not been ruled out. The Shelby County District Attorney's Office specifically confirmed "more charges could be filed as part of its 'ongoing investigation' into the death of Tyre Nichols…." (*Officials Aren't Ruling Out More Charges in Tyre Nichols' Death, DA Says,* http://www.cbsnews.com/news/tyre-nichols-district-attorney-additional-charges-possible/). As more information is discovered during the investigations, more charges could result. Given the current posture of the criminal matters, many of the Defendant officers, including Defendant Justin Smith would be forced to invoke their Fifth Amendment Rights in the pending civil cases rather than participating should a stay of the proceedings not be granted. Each defendant's decision to invoke his Fifth Amendment right may also impact his co-defendants. *Ruszczyk as Trustee for Ruszczyk v. Noor,* 349 Fed.R.Serv.3d 754,762 (U.S.D.C. D.Minn. 2018).

At this stage it would be a waste of judicial resources to move forward with the civil case until the criminal proceedings have been resolved. In additional to this waste, the negative inference resulting from Defendant Smith asserting his privilege against self-incrimination, see *Harris v. City of Chicago,* 266 F.3d 750, 753 (7th Cir. 2001), would be highly prejudicial.[6] The Fifth Amendment permits an adverse inference when the privilege against self-incrimination is claimed by a party in a civil case. *Baxter v. Palmigiano,* 425 U.S. 308, 320 (1976). Courts have acknowledged that effective defense of both civil and criminal proceedings can be impossible.

---

[6] Courts have referred to this predicament as "a Hobson's choice." *Keating v. Office of Thrift Supervision,* 457 F.3d 322, 326 (9th Cir. 1995); *Square 1 Bank v. Lo,* No. 12-CV-05595-JSC, 2014, WL 7206874, at *1 (N.D. Cal. Dec. 17, 2014).

*Koester v. Am. Republic Invs., Inc.,* 11 F.3d 818, 823 (8th Cir. 1993)(internal citations omitted). Defendant Smith should not be forced to choose between claiming his Fifth Amendment privilege and potentially prejudicing his defense in a civil case or testifying and potentially prejudicing his defense of any criminal charges. *Chagolla v. City of Chicago,* 529 F.Supp.2d 941, 944 (U.S.D.C., N.D. Ill. East. Div., 2008).

### III.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Justin Smith, individually, respectfully requests that the Court grant his Motion to Stay these civil proceedings pending the conclusion of the criminal investigations and proceedings against him.

Respectfully Submitted,

 s/ Mary Elizabeth McKinney
MARY ELIZABETH MCKINNEY, Bar No.21597
DEBORAH GODWIN, Bar No.9972
Attorneys for Justin Smith, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800
Memphis, TN 38103
Telephone: (901) 528-1702
Facsimile: (901) 528-0246
dgodwin@gmlblaw.com

### CERTIFICATE OF CONSULTATION

I, Mary Elizabeth McKinney, counsel to Defendant Justin Smith, individually hereby certify that on June 26, 2023, I contacted all counsel via email regarding this Motion. Plaintiff's counsel indicated they opposed the relief requested. There has been no response from any Defense counsel.

s/ Mary  Elizabeth McKinney

<u>CERTIFICATE OF SERVICE</u>

I, Mary Elizabeth McKinney, hereby certify that on June 26, 2023, I filed a copy of the foregoing with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in this case.

<u>s/ Mary Elizabeth McKinney</u>