IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MONTERRIOUS HARRIS,** )<br>)<br>  **Plaintiff** )<br>)<br>VS. )<br>)<br>**CITY OF MEMPHIS, EMMITT** )<br> **MARTIN, III, DESMOND MILLS, JR.,** )<br>**JUSTIN SMITH, DEMETRIUS HALEY,** )<br>**TADARRIUS BEAN, and JOHN DOES 1-4,** )<br>**INDIVIDUALLY, AND IN THEIR OFFICIAL** )<br>**CAPACITIES AS CITY OF MEMPHIS** )<br>**LAW ENFORCEMENT OFFICERS,** )<br>)<br>  **Defendants.** | Case No.: 2:23-cv-2058-JTF-tmp |

**MOTION OF DEFENDANT BEAN TO STAY PROCEEDINGS AND MEMORANDUM IN SUPPORT**

Defendant, Tadarrius Bean ("Defendant Bean") in his individual capacity, by and through undersigned Counsel, respectfully moves this Court to stay all further proceedings in this cause until all criminal charges against him are resolved and disposed. In support of his Motion, Defendant Bean further states as follows:

### I. BACKGROUND

This case involves opportunistic accusations against Tadarrius Bean, The City of Memphis, and other former members of the Memphis Police Department and of the now disbanded Scorpion Unit. Plaintiff filed his Complaint (ECF No.1) on February 7, 2023. Defendant Bean was served with the Complaint on or about February 17, 2023. Defendant Bean, as well as other named Defendants, have been indicted in the Criminal Court of Shelby County, Tennessee for the 30th Judicial District, alleging criminal responsibility for the death of Tyre Nichols, a matter

which Plaintiff references extensively in his complaint in this matter. Defendant Bean, as well as other named Defendants, also anticipates a federal indictment. In addition, a civil suit regarding the death of Tyre Nichols has been filed, in which Defendant Bean and several other named Defendants have been made Defendants. For these reasons, Defendant Bean requests this Court stay any further proceedings in this cause until any and all criminal proceedings have been resolved.

## II. LAW AND ARGUMENT

'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court,' *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014)(quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

In granting Defendant Bean's Motion to Stay, the Court should consider and balance the following factors: 1)the extent the issues in the criminal case overlap with the issues of the civil case; 2) the status of the case; 3) the private interests of the Plaintiff weighed against prejudice to the Plaintiff caused by the delay; 4) the private interests of and burden on the Defendant; 5) the interest of the courts, and 6) the public interest. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)(citing *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich.2007)). The Court should also consider to what "extent to which the [D]efendant's fifth amendment rights would be implicated." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)(quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "[S]imultaneous criminal and civil cases involving the same or closely related facts may give rise

to Fifth Amendment concerns sufficient to warrant a stay of civil proceedings." *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich.2007). The Court in *Chao* also recognized that a denial of a stay could not only implicate the Defendant's Fifth Amendment rights, but could also extend criminal discovery, expose defense theories to prosecutors, or prejudice criminal cases in other ways. *Id*. quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech*., Inc., 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995).

In the present matter, Defendant Bean, along with other named Defendants, has been indicted in the Criminal Court of Shelby County, Tennessee for the 30th Judicial District at Memphis related to an unfortunate death, for which he vehemently denies liability and plans to vigorously defend every allegation presented in any forum that such charges are currently pending or that may be presented at a future date. In this matter, Plaintiff's complaint focuses extensively on the death of Tyre Nichols. Because of these references, Defendant Bean faces a severe risk of self-incrimination compromising his Fifth Amendment rights should he be required to participate in this matter. Several courts have found this substantial weight to stay civil proceedings. Furthermore, there is no doubt that the discovery of this cause and the civil case involving Tyre Nichols will overlap. A stay in this matter would prevent any increased likelihood that Defendant Bean or either defendant named individually in this cause would make any incriminating statements in this matter that could then be used against them in the criminal proceedings. The Plaintiff has already shown, through allegations in his Complaint regarding a different incident, that he may seek discovery or ask questions regarding the case of which Defendant Bean and other defendants currently face criminal indictment. The overlap of the cases and the dangers of the Defendant's Fifth Amendment rights being impaired certainly must outweigh any private interests that Plaintiff may have in this civil matter. Furthermore, any prejudice against the

Plaintiff for delay is also outweighed by the criminal indictment and high danger of overlap in the cases. There is also no prejudice against Plaintiff in a stay of these proceedings, as Plaintiff is currently at no risk of any injury or other irreparable harm by which this Court could possibly see as outweighing the prejudices that could face Defendant Bean or other Defendants should the Court deny a stay.

A stay in this case would also benefit this Court, which may have to hear and rule on countless motions regarding Defendant Bean's or other Defendants' assertions of the Fifth Amendment throughout the discovery phase of this cause should a stay be denied. Furthermore, the resolution of this cause could be greatly determined by the results of the criminal cases. Lastly, in balancing the public interest, Defendant would assert that such interest is minimum when weighing it against the private interest of the Defendant's Fifth Amendment rights.

### III.   CONCLUSION

For the foregoing reasons, Defendant Bean respectfully prays this Court grant his Motion to Stay Proceedings in this cause.

ATTORNEY FOR TADARRIUS BEAN

**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr. , (024283)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road
Building G, Suite 5
Southaven, MS 38672
Tele: (662) 536-6868
Email: JKP@PerryGriffin.com

CERTIFICATE OF CONSULTATION

I, John Keith Perry, Jr., counsel for Defendant Tadarrius Bean, herby certify that on June 27, 2023, I contacted all counsel via email and/or telephone regarding this Motion. Counsel for Defendant Smith does not oppose. Counsel for Plaintiff opposes the relief requested. Counsel for City of Memphis opposes the relief requested. There has been no indication from other named Defendants.

/s/ **John Keith Perry, Jr.**

CERTIFICATE OF SERVICE

I, John Keith Perry, Jr., hereby certify on this day I electronically filed the foregoing with the Clerk of the Court by using the CM.ECF system, which sent notification of such filing to all counsel of record.

**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr.