UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

**MONTERRIOUS HARRIS,**
    **Plaintiff,**


vs.                                                          Case no: 2:23-CV-2058-JTF-tmp

**CITY OF MEMPHIS, EMMITT MARTIN III,
DESMOND MILLS, JR. JUSTIN SMITH,
DEMETRIUS HALEY, TADARRIUS BEAN,
and JOHN DOES 1-4, INDIVIDUALLY, AND
IN THEIR OFFICIAL CAPACITIES
AS CITY OF MEMPHIS LAW
ENFORCEMENT OFFICERS,**

    **Defendants.**
_____

**MOTION OF DEFENDANT, DEMETRIUS HALEY, TO STAY CIVIL PROCEEDINGS
UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED AND MEMORANDUM IN
SUPPORT THEREOF**
_____

Demetrius Haley moves the Court to stay or suspend the proceedings in this cause of action including, but not limited to, civil discovery, including, the taking of depositions, written discovery, and requests for production of documents of Defendant, motions (both dispositive and otherwise), and any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means for so long as this there are active criminal proceedings against Defendant. As grounds for this motion, Demetrius Haley would state and show as follows:

This case was initiated on February 7, 2023, with the filing of a complaint naming Mr. Haley and others as defendants and alleging acts of police misconduct. The complaint begins

1

with a history of acts of police misconduct which allege no actionable acts or omissions by Mr. Haley. The complaint does contain general allegations in nineteen (19) paragraphs concerning the Scorpion Unit of the Memphis Police Department, of which Mr. Haley was a member (¶¶ 46-65). The complaint then devotes eighteen (18) paragraphs (¶¶ 66-84) to the death of Tyree Nichols

On January 26, 2023, Demetrius Haley, along with certain other defendants in this case, was indicted in the Criminal Court of Shelby County, Tennessee, alleging that Haley and others were criminally responsible for the death of Tyree Nichols on January 7, 2023, in Memphis, Shelby County, Tennessee. A copy of the indictment is attached hereto as Exhibit 1. Haley has been arraigned on the criminal charges and the criminal case is being actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court.

Defendant further anticipates that a federal criminal indictment is forthcoming. The Tennessee Bureau of Investigation is investigating the death of Tyre Nichols. The United States Attorney, Kevin G. Ritz, has stated that Nichols' death is an "open investigation" in coordination with the FBI Memphis Field Office and the Civil Rights Division of the United States Department of Justice. (January 18, 2023, Press Release: Statement from United States Attorney Kevin G. Ritz, U.S. Attorney's Office, Western District of Tennessee, https://justice.gov/usao-wdtn/pr/statement-united-states-attorney-kevin-g-ritz). Upon information and belief, there is also a broader, federal investigation into the practices of the Memphis Police Department's ("MPD") Scorpion Unit.   At this time, in light of the state criminal charges against him and because Mr. Haley may also be the focus of additional federal criminal investigations and/or any resulting federal criminal charges, Mr. Haley is requesting a stay of this civil case pending resolution of

the criminal proceedings and investigations against him. Absent a stay, given his potential criminal exposure, Mr. Haley will have no alternative but to invoke his Fifth Amendment privilege against self-incrimination in any parallel civil proceedings, including this matter. Haley is requesting that the proceedings in this case be suspended or stayed until the criminal charges against him are resolved.

## ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977). See also, Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983)("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."); Wehling v. Columbia Broadcasting System, 608 F.2d. 1084, 1088-1089 (5th Cir. 1979)(Finding that the district court abused its discretion in refusing to stay discovery).

District courts balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case considering: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding

expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* An additional factor is "the extent to which the defendant's fifth amendment rights are implicated." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).

Here, there is a clear overlap between the civil and the criminal proceedings. The criminal charges came quickly. This civil case was filed shortly after the criminal case was initiated by state indictment. Both charging instruments, the complaint in the civil case and the indictment in the criminal case, allege the same facts. There have already been a number of court appearances by the defendants in the criminal case.

Discovery in the criminal case continues to be exchanged. Discovery is typically more limited in a criminal case. Rule 16 of the Rules of Criminal Procedure only offers four categories of discovery available to the criminal defendant. Civil discovery, on the other hand, is much broader. The plaintiff in the civil case may attempt to use the broader discovery available to them at the risk of infringing the constitutional rights of the criminal defendant against self-incrimination.

A stay of a civil case is most appropriate where, as here, a party to the civil case has already been indicted for the same conduct. An incriminating statement made by a defendant during the course of a deposition taken under oath could be unduly prejudicial. The answer to written interrogatories requires that the answers be sworn to by the defendant, thus creating a potential admission against interest.

Even filing an answer to the civil complaint could result in statements that could be used against the defendant in the criminal case. That, of course, could be avoided by the defendant exercising his Fifth Amendment privilege on the record. But that scenario is of no benefit to

either side and a waste of time and money. On the other hand, the prejudice of the passage of time to the civil plaintiff is slight since the criminal cases will likely be quickly resolved due to Speedy Trial considerations. FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611 (6th Cir. 2014).

There is a stark contrast between the private interests of the respective parties. Any statement a defendant makes in the course of the civil cases, in either an individual or representative capacity, may be used against the defendant in the criminal cases as a party admission. Fed. R. Evid. 801. The same protections that secure the defendant's constitutional rights in the criminal forum are not necessarily applicable in the civil cases. Even if the defendant exercises his constitutional right and refuses to answer a question in the civil cases, the refusal itself could be used in the civil cases to draw an adverse inference. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

The defendant is in the position of making a choice: whether to (1) actively defend against the civil suits, likely waiving his Fifth Amendment right against self-incrimination and risking the use of his statements against him in the criminal proceedings; or (2) passively defending the civil cases, likely resulting in sizable civil judgments against him. For example, if the civil plaintiff opts to seek summary judgment on one or more issues in the civil proceedings, the criminal defendant would be ham-strung in his efforts to fight it without risking the valuable constitutional right to remain silent.

The most important factor is the balance of the hardships. International Brotherhood of Electrical Workers v. AT&T Network System, 879 F.2d 864 (6th Cir. 1989). The criminal defendant faces the prospect of life imprisonment. The civil plaintiff is seeking money damages only. The defendants have all been relieved of law enforcement duties and thus pose no danger to the public.

5

If the stay is not granted, Mr. Haley will be forced to answer each and every allegation of the complaint, including those allegations directly related to the existing criminal charges and those soon to be brought against him. He cannot pick and chose those which he will answer and those that he will not answer out of concerning for the loss of valuable constitutional rights. The factors weigh heavily in favor of delaying the civil proceedings until the criminal proceedings are resolved.

WHEREFORE, Defendant Demetrius Haley hereby moves for a stay of the civil proceedings until the criminal proceedings have been resolved.

        Respectfully submitted,
        LAW OFFICE OF STEPHEN R.
        LEFFLER, P.C.

        s/Stephen R. Leffler   #11038
        Attorney for Defendant, Demetrius Halley
        1519 Union Ave., Box 212
        Memphis, Tennessee 38104
        (901) 527-8830
        Stephen@LefflerLaw.com

## **CERTIFICATE OF CONSULTATION**

Defendant, Demetrius Haley, certifies, through counsel, that counsel has forwarded to all parties the foregoing motion and discussed the motion with original counsel for Justin Smith (Deborah Godwin) who stated that she did not object to the relief sought. Haley has not received a response from the other parties but has seen the response counsel for the other parties expressed to similarly positioned defendants and in those responses, Plaintiff objects to the relief sought and defense counsel for the City of Memphis objects to the relief sought. All other defense counsel are not opposed to the relief sought.

s/Stephen R. Leffler