IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

---

**MONTERRIOUS HARRIS,**

    Plaintiff,

vs.                                                                                                   Case No. 2:23-cv-2058

**CITY OF MEMPHIS,**
**EMMITT MARTIN III, DESMOND MILLS, JR.,**
**JUSTIN SMITH, DEMETRIUS HALEY,**
**TADARRIUS BEAN, and JOHN DOES 1-4,**
**INDIVIDUALLY, AND**
**IN THEIR OFFICIAL CAPACITIES**
**AS CITY OF MEMPHIS LAW**
**ENFORCEMENT OFFICERS,**

    **Defendants.**

---

### THE CITY OF MEMPHIS'S COMBINED RESPONSE TO MOTIONS TO STAY CIVIL PROCEEDINGS

---

Defendant the City of Memphis ("the City") files this response in opposition to the Motions to Stay Civil Proceedings filed by Defendants Justin Smith ("Smith") (ECF No. 39), Tadarrius Bean ("Bean") (ECF No. 41), Demetrius Haley ("Haley") (ECF No. 44), and Emmitt Martin III ("Martin") ("ECF No. 46) (collectively, "Movants").

**I.      BACKGROUND**

The Movants and Desmond Mills, Jr. ("Mills) (collectively, "Officer Defendants") are former members of the Memphis Police Department ("MPD") and the now-disbanded Street Crimes Operation to Restore Peace in Our Neighborhoods ("SCORPION") Unit.

1

On January 26, 2023, The Officer Defendants were indicted in the Criminal Court of Shelby County, Tennessee, in connection with the death of Mr. Tyre Nichols ("the Nichols Incident"). The Officer Defendants were arraigned on the criminal charges. No trial date has been set in any of the criminal proceedings.

Shortly thereafter, RowVaughn Wells, Individually and as Administratrix Ad Litem for the Estate of Tyre Deandre Nichols, filed a civil action related to the Nichols Incident against numerous defendants, including the City, Chief Cerelyn Davis in her official capacity, and the Officer Defendants. (*See* Complaint, *Wells v. The City of Memphis, et al*, 2:23-cv-2224 (W.D. Tenn. Apr. 19, 2023), ECF No. 1, PageID 1.)

On February 7, 2023, Plaintiff Monterrious Harris filed the instant action against the City, the Officer Defendants, and four (4) John Doe officers individually and in their official capacities based on Plaintiff's alleged interaction with the SCORPION Unit and Officer Defendants. (ECF No. 1.) Plaintiff alleges that on January 4, 2023, he was unlawfully assaulted and arrested by the Officer Defendants. (Compl., ¶¶ 96-118.) Plaintiff further alleges that the Officer Defendants falsified an affidavit of complaint of charges against him. (*Id.* at ¶¶ 123-125.)

While Plaintiff alleges no injuries specifically related to the Nichols Incident, Plaintiff dedicates portions of his Complaint referencing the Nichols Incident that occurred after Plaintiff's alleged encounter with the SCORPION Unit. Importantly, the City has moved to strike all references to Tyre Nichols and the Nichols Incident in Plaintiff's Complaint. (*See* ECF No. 21.)

Defendants Smith and Bean filed their Motions to Stay in this case on June, 26, 2023 and July 5, 2023, respectively. Defendants Haley and Martin filed their Motions to Stay on July 7, 2023.[1] The Movants argue largely the same thing: that there is an ongoing investigation by the

---

[1] Defendants Bean, Haley, and Martin also filed Motions to Stay in the *Wells* case.

Department of Justice into Nichols Incident and the practices of the SCORPION Unit, and that additional criminal charges have not been ruled out. (*See* Smith's Motion to Stay, ECF No. 39, PageID 189-190.) Movants further assert that much of the discovery in the *Wells* case and this case will overlap. (*Id.* at PageID 189.) As such, Movants are asking this Court to stay or suspend the instant action "including, but not limited to, civil discovery, including, the taking of depositions, written discovery, and requests for production of documents of Defendant…," pending the outcome of the criminal proceedings against them. (Haley's Motion to Stay, ECF No. 44, PageID 203.) Additionally, these Defendants seek to stay "motions (both dispositive and otherwise), and any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means for so long as this there are active criminal proceedings against Defendant." (*Id.*) They assert that the "criminal case is being actively litigated with the parties exchanging discovery and regularly reporting the status of trial preparations to the Criminal Court." (*Id.*, PageID 204.)

Moreover, Movants argue that an incriminating statement made by them during the course of a deposition "could be unduly prejudicial", answering written interrogatories could create "a potential admission against interest", and "[e]ven filing an answer to the civil complaint could result in statements that could be used against the defendant in the criminal case." (*Id.*, PageID 206.) According to Defendants, a failure to stay the civil proceeding could undermine their Fifth Amendment privilege against self-incrimination. (*Id.*) They further assert that federal criminal indictments are "forthcoming" and anticipated. (*Id.* at PageID 204.)

The particular circumstances of this case and the competing interests of the parties involved in this matter, however, weigh in favor of denying the Motions to Stay. Alternatively, if this Court is inclined to grant the Motions to Stay, any stay in this matter should be limited in scope. As such, the City proposes the following parameters for a limited stay:

1. Defendants Smith, Haley, Martin, and Bean[2] will be granted a stay with regard to answering any allegations in the Complaint related to the Nichols Incident, and answering any discovery that requires their sworn testimony, such as interrogatories and depositions, related to the Nichols Incident;

2. Defendants Smith, Haley, Martin, and Bean will not be granted a stay with regard to responding to Requests for Production of Documents filed by any party.

A partial stay as proposed by the City would protect the interests of the parties while allowing this case to move forward without undue prejudice to the parties or the public interest.

## II.     LAW AND ARGUMENT

It is clear that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007), and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *S.E.C. v. Novaferon Labs, Inc.*, No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. 1991). While district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending,"… "[a] stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao*, 498 F. Supp. 2d at 1037.

The decision to stay a case requires an examination of the specific circumstances, considering the competing interests involved. *Id.* District courts in this circuit generally consider and balance the following factors when determining whether a stay of civil proceedings is appropriate in a given case:

---

[2] The City notes that Defendant Desmond Mills has not filed a Motion to Stay, but the City is not opposed to the same limited stay applying to him, as well.

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (internal quotation marks omitted). Courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quotations and citations omitted). The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989) (internal citations omitted). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Based on these factors, the moving Defendants failed to establish that a total and indefinite stay is warranted under the circumstances of this case.

### A. The extent to which the issues in the civil and criminal cases overlap weighs against a complete stay.

There is little to no overlap between Plaintiff's case and the criminal cases against the Officer Defendants related to the Nichols Incident, and any incidental overlap is not global enough to warrant a complete stay of the case. Plaintiff's allegations against the Defendants in this case are based on his interaction with members of the SCORPION Unit, and this alleged interaction is not the subject of a pending criminal case. The Officer Defendants have not been indicted in a case involving Plaintiff Harris, and the mere possibility that more criminal charges could come about is not enough to warrant a stay in this matter. Virtually any civil case involving allegations of

5

excessive force could potentially spawn criminal indictments or criminal investigations, and there has been no indication that any law enforcement agency is criminally investigating the allegations in this case. Further, it is hard to imagine a scenario in which something the Officer Defendants say in discovery *in this case* (unrelated to the Nichols Incident) could implicate the Officer Defendants in the Nichols criminal case.

"In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted." *Chao*, 498 F. Supp.2d at 1037 (citing cases). Pre-indictment requests for a stay usually are denied "because the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued, as well as the effect of the delay on the civil trial. *State Farm Mut. Auto. Ins. Co. v. Beckham–Easley*, No. Civ. A. 01–5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept.18, 2002) (citations omitted). Some courts have expressed that, where a defendant filing a motion to stay has not been indicted, the motion may be denied on that ground alone. *Id.* (citations omitted).

While there is some overlap between the two civil actions based on the alleged practices of the SCORPION Unit generally, and some overlap based on the allegations that the same Officer Defendants were involved in the Nichols Incident giving rise to the *Wells* case, there is no overlap between Plaintiff's allegations related to his own alleged incident with the Officer Defendants and the criminal charges pending against the Officer Defendants related to the Nichols Incident. In short, the criminal charges brought against the Officer Defendants have nothing to do with Plaintiff Harris' claims, and they arise from an incident that occurred days before the Officer Defendants' interaction with Mr. Nichols.  A stay is not warranted under these circumstances.

### B. The status of the criminal case and the City's interest in proceeding expeditiously weigh against staying this matter indefinitely.

4879-1392-0367

Staying this case would needlessly delay this matter for an indeterminate amount of time. While the criminal cases involving the Nichols Incident against the Officer Defendants have been pending since January of 2023, no trial dates have been scheduled in any of their criminal cases. It could be literally years before the Officer Defendants go to trial for the Nichols Incident, especially given the recent data on the backlog and infrequency of trials in the Shelby County Criminal Court system.[3]

This lawsuit presents the potential for uncertain contingent exposure to the City, and that uncertainty could extend through two, and possibly three, different City administrations. Moreover, discovery could become difficult due to the passage of time and the fading memory of witnesses.

The City, thus, has a significant in interest in moving this case forward towards closure, which would be impeded by a complete stay of the case. Moreover, it is doubtful that the parties, if they chose, could conduct informed, productive negotiations absent the information needed to assess the strengths and weaknesses of their own and each other's positions for possible settlement, as would be the case if the case is stayed indefinitely. *See, e.g., eBay Inc. v. Bidder's Edge Inc.*, 2000 WL 1863564, at *4 (N.D. Cal. July 25, 2000) ("[D]iscovery will educate the parties ... and will facilitate settlement."); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998) ("[O]ne of the purposes behind the broad federal discovery rules is to facilitate settlement....").

Thus, this factor does not weigh in favor of an indefinite and total stay of the case.

> C. **The interests of fairness and potential prejudice to the City of a complete and indefinite stay far outweigh any burden on the Officer Defendants.**

---

[3] Julia Baker, Recipe for a Backlog: 10,557 Adult Arrests in 2022, and 35 Criminal Court Trials, Daily Memphian, January 14, 2023, last accessed June 30, 2023.

As explained above, the City has an interest in concluding this litigation expeditiously. This interest far outweighs the burden on the Officer Defendants of a limited stay.

If the Court grants the City's proposed limited stay as to the Officer Defendants, the burden on those individuals will be minimal. They will not be required to answer allegations in the Complaint related to the Nichols Incident; nor will they be required to testify under oath in the form of interrogatory answers or deposition testimony regarding the Nichols Incident. This essentially eliminates the Fifth Amendment implications of allowing the case to proceed. While the impact of parallel criminal and civil proceedings on a defendant's Fifth Amendment rights is a factor in determining whether to grant a stay, "it is only one consideration to be weighed against others." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995). Moreover, because the Officer Defendants have not been indicted for the allegations *in this matter*, they face little risk of burdening their Fifth Amendment rights by proceeding in the instant case.

This factor, therefore, weighs in favor of denial of a complete stay.

### D. The court's interest would not be furthered by a complete stay.

An indefinite stay until criminal litigation is concluded would disrupt the civil litigation system. *See, e.g.*, *IBM Corp. v. Brown*, 857 F. Supp. 1384, 1392 (C.D. Cal. 1994) ("A stay would disrupt the court's calendar by indefinitely postponing trial as the defendants' criminal proceedings wend their way through the state criminal justice system."). This fourth factor looks to "the convenience of the court in the management of its cases, and the efficient use of judicial resources." *Keating*, 45 F.3d at 325.

The Movants failed to show that the interest of the Court would be furthered by excusing them from participating in this case pending the conclusion of the criminal proceedings against them. Delaying all discovery and other proceedings in the instant case until the resolution of the

criminal case will unnecessarily delay the instant case and would not be an "efficient use of judicial resources." *See Keating*, 45 F.3d at 325. If a partial stay were granted as to the Officer Defendants, efficiency would be furthered by continuing with these proceedings as to all other matters.

Accordingly, this factor weighs in favor of the partial stay proposed by City, which allows the parties to move this case forward.

### E.  The public's interest will be furthered if a complete stay is denied.

The public's interest is best served with moving forward in this case. The tax paying citizens of Memphis are best served by having the civil lawsuit resolved expeditiously. Staying this case pending a resolution of criminal proceedings would needlessly delay litigation for an indefinite amount of time, which would serve no one other than the Movants.

### CONCLUSION

For the foregoing reasons, the Court should deny the Motions to Stay, or alternatively implement a partial limited stay as outlined *supra*.

        **Respectfully submitted,**

        **BAKER, DONELSON, BEARMAN,**
        **CALDWELL & BERKOWITZ, P.C.**

        *s/ Bruce McMullen*
        Bruce McMullen (#18126)
        Jennie Vee Silk (#35319)
        Freeman B. Foster (#23265)
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        Telephone: (901) 526-2000
        bmcmullen@bakerdonelson.com
        jsilk@bakerdonelson.com
        ffoster@bakerdonelson.com

        *Attorneys for Defendant City of Memphis*

4879-1392-0367

## CERTIFICATE OF SERVICE

      I, Bruce McMullen, hereby certify that on July 10, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4879-1392-0367