# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **MONTERRIOUS HARRIS**, <br><br> **Plaintiff,** <br><br> v. <br><br> **CITY OF MEMPHIS, EMMITT MARTIN III, DESMOND MILLS, JR., JUSTIN SMITH, DEMETRIUS HALEY, TADARRIUS BEAN, and JOHN DOES 1-4, INDIVIDUALLY, AND IN THEIR OFFICIAL CAPACITIES AS CITY OF MEMPHIS LAW ENFORCEMENT OFFICERS,** <br><br> **Defendants.** | Case No. 2:23-cv-2058-JTF-tmp |

## [PROPOSED] PROTECTIVE ORDER

In the course of discovery under the Federal Rules of Civil Procedure, Defendant City of Memphis ("the City") and Plaintiff Monterrious Harris ("Plaintiff"), may produce documents, data, discovery responses and other material that are confidential, proprietary, privileged, and/or otherwise to be protected from public dissemination, including, but not limited to, confidential employee information maintained by the City and information regarding the business operations of the City.[1] To ensure that such material is kept and remains confidential and not used for any purpose other than discovery, summary judgment, and/or trial preparation in this case, the parties stipulate to the following:

---

[1] The Officer Defendants filed Motions to Stay Civil Proceedings pending resolution of their criminal cases. *See* ECF No. 39, ECF No. 41, ECF No. 44, and ECF No. 46. Accordingly, the Officer Defendants are not included in this Protective Order at this time. If the Court denies the Motions to Stay and discovery proceeds against the Officer Defendants, the parties will revise this Protective Order to include the Officer Defendants.

1. Documents produced by the parties to which this Protective Order is applicable shall be stamped or marked "CONFIDENTIAL." For purposes of this Order, "Confidential Documents" shall include the following types of information and documents, provided that such information/documents are designated as "CONFIDENTIAL," as specified in Paragraphs (a)-(d) below:

(a) Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Plaintiff or the City (including any current or former employee, agent, and/or representative of the City and/or any of the City's affiliates) during the course of discovery that contains, discloses, or reveals: (i) confidential or proprietary business information; or (ii) private and/or sensitive information concerning the City's employees (including, but not limited to, financial information, medical information, leave information, disciplinary information, social security numbers, dates of birth and other private employee information).

(b) Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by Plaintiff during the course of discovery that contains, discloses, or reveals: (i) information concerning Plaintiff's past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s); (ii) personal financial or tax information; or (iii) social security numbers;

(c) Any other type of information that is maintained by the producing party on a confidential basis, provided that the producing party has a legitimate interest in maintaining the confidentiality/privacy of said information; and

(d) Any unredacted body worn camera footage.

Irrespective of a specific "CONFIDENTIAL" designation, all tax, financial, and medical

information shall be considered "CONFIDENTIAL," as well as social security numbers. If a social security number is the only Confidential Information contained in a document, the social security number should simply be redacted prior to filing or dissemination.

2. This Order shall be applicable to and govern the handling of all disclosures, documents, answers to interrogatories, responses and requests for admission, testimony, and other information, including all copies and excerpts thereof produced, given, or filed during discovery and other proceedings in this action.

(a) In designating information as "CONFIDENTIAL," a party to this action, and any non-party from whom discovery is sought in connection with this action, shall make such a designation only as to materials that the party or non-party in good faith believes constitute Confidential Information.

(b) "CONFIDENTIAL" material, as used in this Order, shall refer to any such designated document, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to such protection.

3. Material designated "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a) the Court and its officers;

    b) appellate courts, if applicable, and their officers;

    c) the parties;

    d) counsel of record, including other members and/or associates of the law firm;

    e) employees of counsel of record; and

f) persons retained by counsel of record to furnish expert services, advice, or testimony in this action.

Confidential materials disclosed to any such person shall not be disclosed by him or her to any other person not included within Subparagraphs a) - f) of this paragraph.

4. If any party bound by the terms of this Order wishes to disclose confidential material beyond the terms of this Consent Protective Order, that party shall provide the other party with reasonable notice of its intent to disclose such confidential material. If the parties cannot resolve their disagreement with respect to the propriety of disclosing such confidential material, the party who wishes to disclose such confidential material shall apply to the Court for a determination of that issue. The motion should describe with specificity the materials for which the designation is being challenged and set forth with specificity the materials that are not properly designated as "CONFIDENTIAL." The party seeking to challenge materials designated as "CONFIDENTIAL" will bear the burden of proving that the designation is improper subject to applicable law. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

5. The restrictions regarding the custody of the Confidential Material subject to the protection of this Consent Protective Order and the restrictions regarding the disclosure of the confidential material contained herein also apply with equal force and effect to any excerpts, analyses or summaries of such confidential material or the information contained therein.

6. Discovery material produced without the designation of "CONFIDENTIAL" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error, provided correction occurs

within twenty (20) days of discovery of the inadvertence or error. If discovery material is designated as "CONFIDENTIAL" subsequent to production, the receiving party must promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than those identified in Paragraph 3 of this Order.

7. Nothing herein shall prohibit either party from seeking an Order that designated discovery material is not entitled to "CONFIDENTIAL" treatment or that otherwise affects the treatment of discovery material.

8. Other than as provided in Paragraph 6 above, no designation of "CONFIDENTIAL" shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL" marking.

9. All discovery material designated as "CONFIDENTIAL" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal, or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders, subpoenas, or warrants within three (3) business days of receipt of same.

10. At the final conclusion of this case (including exhaustion of appeals), all discovery materials designated as "CONFIDENTIAL" produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed.

11. If counsel for a party desires to file in the public record in this action any "CONFIDENTIAL" material, that counsel must seek to file such materials under seal. Any party wishing to file any Confidential Information under seal with the Court shall follow all federal and local rules and the directives of the United States Court of Appeals for the Sixth Circuit in its

holding in *Beauchamp v Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629, at *4-5 (6th Cir. Jul. 11, 2016) in order to do so. Except as the Court may order, the parties shall not disseminate Confidential Information to individuals other than those identified in Paragraph 3. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

12. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

13. Nothing in this Order shall be construed as a waiver by either party of its right to object to the discoverability or admissibility of any material designated as "CONFIDENTIAL."

14. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

ENTERED this ___ day of _____, 2023.

_____
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT COURT JUDGE