IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

**MONTERRIOUS HARRIS,**

**Plaintiff,**

vs.                                                                    Case No. 2:23-cv-2058

**CITY OF MEMPHIS,**
**EMMITT MARTIN III, DESMOND MILLS, JR.,**
**JUSTIN SMITH, DEMETRIUS HALEY,**
**TADARRIUS BEAN, and JOHN DOES 1-4,**
**INDIVIDUALLY, AND**
**IN THEIR OFFICIAL CAPACITIES**
**AS CITY OF MEMPHIS LAW**
**ENFORCEMENT OFFICERS,**

**Defendants.**

**PLAINTIFF'S MOTION TO LIFT STAY TO CONDUCT DISCOVERY WITH AND CONCERNING DEFENDANT DESMOND MILLS, JR.**

**COMES NOW** Plaintiff Monterrious Harris ("Plaintiff"), by and through undersigned counsel of record, and respectfully moves this Court for an Order Lifting Stay for Plaintiff to Conduct Discovery with and Concerning Defendant Desmond Mills, Jr. ("Defendant Mills"). In support of this Motion, Plaintiff would show unto the Court as follows:

I. **INTRODUCTION**

Plaintiff moves the Court for limited relief from the Court's August 28, 2023 Order Staying Proceedings (ECF no. 53) until the criminal proceedings against the individual Defendants are

resolved.[1] In early November 2023, Defendant Mills announced his intention to plead guilty in both federal and state criminal proceedings against him. Pursuant to Defendant Mills' pleas in his criminal proceedings, Plaintiff brings the present Motion to lift the Court's stay on this case solely to allow Plaintiff to engage in discovery with and concerning Defendant Mills,[2] who will no longer have criminal charges pending against him in the immediate future.

## II.     LAW & ARGUMENT

a. **Standard of Review**

In the Sixth Circuit, the following is a summation of how trial courts are instructed to analyze stays (and the lifting of stays) of civil proceedings when concomitant criminal proceedings are pending:

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Nonetheless, "a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending." Whether to stay a civil action in the first instance and whether to lift the stay prematurely requires the Court to analyze the same six factors. These factors are:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; 6) the public interest.
>
> In cases involving parallel criminal and civil proceedings, courts should also consider the "extent to which the defendant's fifth amendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." The third and fourth factors together constitute a "balance of the hardships" analysis, which is the most important factor for the Court to consider.

---

[1] Of note, Defendant Mills was the only Defendant who did not move or join in a request to stay these proceedings (see ECF nos. 39, 41, 44 and 46). Nevertheless, the Court's Order Staying Proceedings covered Defendant Mills as well, when it provided that "[t]his case is STAYED pending resolution of the criminal proceedings against Defendants." (ECF no. 53, pg. ID #305).
[2] Plaintiff contemplates that the City of Memphis will likely be in possession of relevant discovery concerning Defendant Mills.

Est. of Goodson v. Franklin Cnty., 2023 U.S. Dist. LEXIS 82520, *3-4 (S.D. Ohio May 10, 2023); citing United States Securities, and Exchange Commission v. Blackwell, No. 2:03-cv-00063, 2006 U.S. Dist. LEXIS 112705, 2006 WL 8445724, at *2 (S.D. Ohio Feb. 22, 2006) (citing Baxter v. Palmigiano, 425 U.S. 308, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976)); Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing Landis v. No. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); See Flagstar Bank FSB v. Hild, Case No. 19-11512, 2022 U.S. Dist. LEXIS 48221, 2022 WL 814012, at *2 (E.D. Mich. Mar. 17, 2022) (applying the same test on a motion to lift a stay); and F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627-628 (6th Cir. 2014).

    **b. The Court should narrowly lift the stay only to permit Plaintiff to engage in discovery with and concerning Defendant Mills**

Pursuant to Defendant Mills' guilty pleas in his criminal proceedings, no remaining criminal charges will be pending against him. Consequently, all six factors set forth for the Court's consideration militate in favor of granting Plaintiff relief from the stay to conduct discovery with Defendant Mills.

First, the criminal proceedings against Defendant Mills only concerned the Scorpion Unit's encounter with Tyre Nichols, not with the Plaintiff. Second, the criminal proceedings against Defendant Mills are imminently nearing resolution upon tender of his guilty pleas. Third and fourth, Plaintiff's private interests need no longer be delayed by any remaining Fifth Amendment concerns for Defendant Mills' rights. Fifth, allowing Plaintiff to move forward against Defendant Mills only will continue to streamline and expedite the movement of this case toward an eventual resolution. Sixth and finally, there remains great public interest in allowing this case to move forward, as it concerns matters of significant concern to the community which are also implicated

in the Department of Justice's ongoing investigation into the patterns and practices of the Memphis Police Department.

In sum, the foregoing six factors support the narrow lifting of the stay on this case for Plaintiff to conduct discovery with Defendant Mills upon the finalization of his criminal proceedings.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Court enter an Order granting Plaintiff relief from the complete stay in this case for the sole purpose of engaging in discovery with and concerning Defendant Mills.

Respectfully submitted,

**SPENCE PARTNERS**

By:  /s/ Robert L.J. Spence, Jr.
Robert L.J. Spence, Jr. (BPR #12256)
Jarrett M.D. Spence (BPR #34577)
Andrew M. Horvath (BPR #33862)
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
jspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com

*Attorneys for Plaintiff, Monterrious Harris*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via the Court's ECF system, on all counsel of record.

This 8th day of November, 2023.

/s/ Robert L. J. Spence, Jr.