UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MONTERRIOUS HARRIS,**
    Plaintiff,

vs.                                                                 Case no: 2:23-CV-2058-JTF-tmp

**CITY OF MEMPHIS, EMMITT MARTIN III,
DESMOND MILLS, JR. JUSTIN SMITH,
DEMETRIUS HALEY, TADARRIUS BEAN,
and JOHN DOES 1-4, INDIVIDUALLY, AND
IN THEIR OFFICIAL CAPACITIES
AS CITY OF MEMPHIS LAW
ENFORCEMENT OFFICERS,**

    **Defendants.**

---

**MOTION OF DEFENDANT, DEMETRIUS HALEY, TO RECONSIDER LIFTING OF THE STAY OF CIVIL PROCEEDINGS UNTIL CRIMINAL PROCEEDINGS ARE RESOLVED AND MEMORANDUM IN SUPPORT THEREOF**

---

Demetrius Haley moves the Court to reconsider the Court's order lifting the stay of the proceedings in this cause of action. (R. 82) In support of this motion, Demetrius Haley would state and show to the Court as follows:

PROCEDURAL BACKGROUND

Plaintiff filed this complaint on February 7, 2023. (R. 1) The record does not indicate that Haley was served. Nevertheless, counsel for Haley filed a Notice of Appearance (R. 43) and a Motion to Stay Proceedings until Criminal Charges are Resolved (R. 44).

On August 28, 2023, the Court granted Haley's request for a stay as well as for other

1

similarly situated defendants. (R. 53) The stay as granted was to remain in effect until "resolution of the criminal proceedings against Defendants." On May 9, 2025, the Court, *sua sponte*, lifted the stay and set a status conference for the parties. (R. 82).

## FEDERAL CRIMINAL PROCEEDINGS

The federal criminal trial against Haley and officers Smith and Bean, began on September 9, 2024. (United States of America v. Martin, III et. al. 2:23-cr-20191-MSN) The case lasted four weeks, 19 trial days and the jury heard from 31 witnesses. (R. 561-627) The jury found Haley guilty of Deprivation of Rights Resulting in Bodily Injury (2 counts), Conspiracy and Obstruction of Justice. Codefendants, Justin Smith and Taddarious Bean, were each found guilty of Obstruction of Justice. (R. 627). On January 17, 2025, the sentencing hearings for all defendants were continued until sometime in June, 2025 (after the conclusion of the state criminal proceedings). (R. 749).

## STATE CRIMINAL PROCEEDINGS

The state criminal case in Shelby Crim. No. 23-00241 began on April 28, 2025, and lasted a week and a half. On May 7, 2025, the defendants were each found not guilty on all counts of the indictment, including all lesser included offenses.

## REASONS TO EXTEND THE STAY

Sentencing in the federal criminal case has not taken place. It is ostensibly scheduled for June of 2025. But that date could well be extended due to public outrage at the state court acquittal. Shortly after the state verdict, posters were distributed throughout the community displaying pictures of Haley and his codefendants with the caption, "Wanted Dead or Unalive."

Numerous politicians have joined in the public reprobation of Haley and his codefendants. Plaintiff's counsel in Wells v. City of Memphis, et. al. 2:23-cv-02224-MSN-atc

has published a misleading press release that is now the subject of a motion for sanctions in that case. Reverand Al Sharpton, U.S. Representative Steve Cohen, NAACP President Derrick Johnson, and others have offered statements condemning the state verdict. Even District Attorney General Steve Mulroy, whose office prosecuted the state case, stood before numerous television cameras and disingenuously announced that while "the finality of the jury verdict [must be accepted] in most cases," his office was looking into all possibilities of an appeal to seek a retrial, ignoring the Constitution and Double Jeopardy. Sentencing may be delayed until the public furor caused by state court acquittals subsides.

Even once the federal sentencing has occurred, Haley intends to seek appellate relief and a retrial of the federal case on grounds that the trial court tied the hands of Haley's counsel by limiting his ability to cross-examine key witnesses about potential benefits they could receive for cooperating with the prosecution. At trial, the district court would not allow counsel to cross examine co-defendants Emmitt Martin or Desmond Mills on the sentences the witnesses could be facing absent the potential benefits of their cooperation with the government.

A recent Sixth Circuit case is on point. In <u>United States v. Taylor</u>, 127 F.4th 1008 (6th Cir. 2025) the Sixth Circuit found that the district court's limitations on cross-examining a key witness about his potential bias and motive for testifying violated Taylor's rights under the Confrontation Clause. The witness's testimony was crucial to the prosecution's case, as he was offered benefits by the prosecutor in exchange for his cooperation with prosecution against defendant, and the government's interest in excluding the evidence did not outweigh defendant's significant interest in exploring the witness's potential bias.

The Sixth Circuit went on to hold that the Confrontation Clause violation was not harmless error because the key witness tied the defendant to the contraband, and there was little

other evidence presented by the prosecution. The court weighed factors such as the importance of the witness's testimony, lack of corroborating evidence, and the otherwise limited cross-examination permitted.

Martin and Mills were instrumental to the government's case because they were the only other officers on the scene when Martin delivered the blows to Tyre Nichols' head by kicking and punching. The testimony of the medical examiner was that those blows were the sole cause of Nichols' death. True, there were corroborating videos of the assault. But two trials have shown that those videos, when examined frame by frame, do not tell the story the state and federal prosecutors are peddling.

<u>Taylor</u> effectively articulated what practitioners in federal court have known for years: that the extent of the potential prejudice to cooperating witnesses is not off limits when they take the witness stand. <u>Taylor</u> is not new law. It is a reminder of what the law in this Circuit has been for many years.

<u>Taylor</u> also provides an effective basis for determining the likelihood of success on the merits of an appeal as of trial court errors. The relief granted in <u>Taylor</u> was remand for a new trial. If the relief is a new trial for Haley and his codefendants, it is crucial that between now and the new trial, Haley is not put in a position of offering testimony that may be prejudicial to his constitutional trial rights.

Allegations of the complaint in this case specifically make reference to the issues in the federal criminal case. (R. 1, ¶¶ 46-84). If Haley is forced to answer interrogatories, offer deposition testimony, offer responses to requests for production of documents, engage in motions (both dispositive and otherwise), or any efforts at mediation, arbitration or any other efforts toward resolution of the matter through alternative means, he could be creating statements

against interest that could be used in his retrial on the federal criminal issues.

If, on the other hand, the Sixth circuit determines that <u>Taylor</u> offers no harbor for Haley, that is when "resolution of the criminal proceedings against Defendants" has occurred, not before.

WHEREFORE, Defendant Demetrius Haley hereby moves for reinstatement of the stay of the civil proceedings until the remaining criminal proceedings have been resolved.

    Respectfully submitted,
LAW OFFICE OF STEPHEN R. LEFFLER, P.C.

s/Stephen R. Leffler   #11038
Attorney for Defendant, Demetrius Halley
2670 Union Ave. Ext., Suite 819
Memphis, Tennessee 38112
(901) 527-8830
Stephen@LefflerLaw.com

**CERTIFICATE OF CONSULTATION**

Defendant, Demetrius Haley, certifies, through counsel, that counsel has forwarded to all parties the foregoing motion and discussed the motion with original counsel for Justin Smith (Deborah Godwin) who stated that she did not object to the relief sought. The City has no objection to the reinstatement. Emmitt Martin, Justin Smith and Tadarrious Bean have no objection to the reinstatement. Plaintiff objects to the relief sought.

s/Stephen R. Leffler